IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| COREY McLELLAN,<br><br>            Plaintiff,<br><br>     v.<br><br>SHERIFF MIMS, et al.,<br><br>            Defendants. | 1:12-cv-00237 GSA PC<br><br>ORDER DISMISSING ACTION |

Plaintiff is a Fresno County Jail inmate proceeding pro se in this civil rights action. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). This action proceeds on the May 15, 2012, first amended complaint.[1]

**I.     Claims**

Plaintiff, an inmate in custody at the Fresno County Jail, brings this action against Sheriff Margaret Mims. Plaintiff claims that he is subjected to unconstitutional conditions of confinement. Plaintiff's statement of claim, in its entirety, follows:

> Arrived 10/3/11 to Fresno Co. Jail 6th floor cell 8 from Coalinga Regional Medical Center. Began complaining that cell was to cold would flood from condensation in building that I couldn't get

---

[1] This action was initiated by civil complaint filed on February 21, 2012. Plaintiff filed the first amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

> proper medical treatment for wounds.  Spent first 60 days in constant pain after repeatedly grieving situation, went pro per on my case was denied law library instead got kiosk.  Lexis/Nexis system looked up the Sheriff's dept. to comply with the law.  Besides grievances also filed a habeas corpus in Superior Court to try to get resolution for issues.  Medical records and habeas corpus attached.  Most grievances already filed.

(Compl. ¶ IV.)

Attached as an exhibit to the first amended complaint are copies of portions of Plaintiff's medical record, along with a copy of an order denying his petition for writ of habeas corpus.  The petition was filed in the Fresno County Superior Court, Central Division. [2]

## II.     Superior Court Ruling

In Superior Court case number 12CRWR680728, In re Corey Carter Pate McLellan, the Superior Court ruled on the following claims:

> Petitioner claims that he is being subjected to cruel and unusual punishment at the Fresno County Jail.  He alleges that his cell is excessively cold and damp, and Jail authorities refuse to deal with the problem.  He also claims that he has not been given adequate medical care, and that his wounds became abscessed as a result.  In addition, he claims that the cold and wet conditions have caused his legal paperwork to be damaged.  Finally, he alleges that he is being denied access to the law library.

The court went on to deny Plaintiff's claims, analyzing his claims under the appropriate Eighth Amendment and First Amendment standards.  <u>Hoptowit v. Ray</u>, 682 F.2d 1237 (1982), <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996).[3]  Regarding Plaintiff's medical care claim, the court ruled as follows:

> With regard to petitioner's claim that he is not being given adequate medical care, the grievance attached to his petition dated

---

[2] "When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment."  <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

[3] Although the rights of pre-trial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply.  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

2

> November 2, 2011 shows that petitioner saw a registered nurse on November 5, 2011, and that he received treatment and medication for his elbow on that date. (Response to grievance dated November 9, 2011). Also, according to the response to the grievance, petitioner saw a physician on November 7, 2011, who provided him with medication and treatment. (*Ibid*.) He also had a pending appointment with the jail physician to check the status of his elbow. (*Ibid*.) Therefore, it appears that petitioner's medical condition is being adequately addressed, and no further relief is warranted.

Regarding Plaintiff's complaints of a cold and damp cell, the court noted that according to the response to Plaintiff's grievance, a correctional officer measured the temperature of the cell at between 62 and 66 degrees, which was slightly below the temperature range of 63 to 73 degrees established by regulations during winter months. The court correctly noted that even assuming the cell temperature was slightly below the temperature required under prison regulations, that did not necessarily establish an Eighth Amendment violation. Specifically, Plaintiff failed to allege any facts indicating that the cell temperature was so low as to cause unnecessary or wanton infliction of pain under the Eighth Amendment.

As to Plaintiff's claim of denial of law library access, the court noted that Plaintiff failed to allege that he is representing himself in his criminal case, and therefore failed to established that he was entitled to access the law library for the purpose of defending himself in his criminal case. Further, Plaintiff failed to show that he suffered any actual harm to his ability to defend himself.

### III.     Res Judicata

Prior adjudication will bar later suit under the doctrine of res judicata if the prior adjudication involved the same claim as the later suit, reached a final judgment on the merits, and involved the same party or parties. Nordhorn v. Ladish Company, Inc. 9 F.3d 1402, 1404 (9th Cir. 1993). However, the judgment must have been rendered in proceedings meeting due process standards. The party against whom the judgment was rendered must have had a "full and fair opportunity" to litigate its claims or defenses before an impartial tribunal. Clements v. Airport

Authority of Washoe County, 69 F.3d 321, 330 (9th Cir. 1995).

In determining the preclusive effect of a state court judgment in federal section 1983 actions, federal courts must look to state law. Marrese v. American Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379-380 (1985). In California, a final judgment or order by a superior court in a habeas corpus proceeding is a determination on the merits and is given preclusive effect. In re Crow, 4 Cal. 3d 613, 621-624 (1971) (state precluded from re-litigating grant of relief in habeas corpus); People v. Egan, 73 Cal. App. 2d 894, 898 (1946)(appellant precluded from re-litigating issues finally adjudicated in prior habeas corpus proceedings). The United States Court of Appeals for the Ninth Circuit has specifically held that a federal section 1983 claim may be barred by a prior adjudication of that claim in a state habeas proceeding. Hawkins v. Risley, 984 F.2d 321,323 (9th Cir. 1992).

Although ordinarily raised as an affirmative defense, the Supreme Court has held that "Judicial initiative of this sort might be appropriate in special circumstances. Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste. Arizona v. California, 530 U.S. 392, 412, supplemented, 531 U.S. 1 (2000) citing United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted).

Here, it is clear from the pleadings that the ruling in the Superior Court involved the same claims and the same party (Sheriff Mims) as in this suit. Plaintiff's statement of claim indicates that Plaintiff complained of lack of medical care in November of 2011, and cold and damp cell conditions during the same time frame. Moreover, Plaintiff indicates in his complaint that he filed a habeas petition challenging those very conditions. It is clear that Plaintiff is challenging the same conditions as in his habeas perition, and it is clear that the Superior Court ruled on Plaintiff's claims on the merits, using the appropriate federal constitutional standards. The law

on this matter is clear.  Plaintiff is precluded from re-litigating his claims in federal court via a section 1983 complaint.

     Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim on the ground of res judicata.  The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:**   **May 29, 2012**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE